IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| EARL JOHNSON, JR. | * | |
|     Plaintiff, | * | |
| v | * | Civil Case No.: GJH-17-2050 |
| MELCHIZEDEK TODD, *et al.*[1] | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On July 20, 2017, Plaintiff Earl Johnson, Jr. filed this 42 U.S.C. § 1983 action concerning prison disciplinary charges and sanctions that were issued against him in 2012. ECF Nos. 1, 7. On February 9, 2018, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 29. Plaintiff has filed a Response in Opposition to the dispositive motion, ECF No. 31, and a Motion for Summary Judgment, ECF No. 34. The matter is now ripe for review. The court finds a hearing in these matters unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Plaintiff's Motion for Summary Judgment is denied and Defendants' dispositive Motion, construed as a Motion for Summary Judgment, is granted.

**I. BACKGROUND**

On July 31, 2012, Jessup Correctional Institution Officers Jaynice Brooks and Christopher Kiviyatu conducted a search of Plaintiff's shared cell. ECF No. 1 at 4; ECF No. 1-1 at 13. According to Plaintiff, an unknown object was on the floor, which Plaintiff picked up; the

---

[1] In his Complaint, Plaintiff named as a Defendant "Melchizedek Tod." At some point, this was changed on the docket to "Tod Melchizedek." The Defendant's actual name is "Melchizedek Todd," and the clerk is directed to docket it as such.

1

object was subsequently determined to contain suboxone, a contraband substance. ECF No. 1 at 4; ECF No. 1-1 at 2, 13. Plaintiff's cellmate claimed ownership of the object. ECF No. 1 at 4.

As a result of this search, on August 1, 2012, Brooks[2] charged Plaintiff with Rule Violation 114.[3] ECF No. 1-1 at 13. Also on August 1, 2012, Plaintiff received another Notice of Inmate Rule Violation which charged him with Rule Violation 111, possession or use of an unauthorized drug (excluding alcohol and controlled dangerous substances), and Rule Violation 406, possession of contraband.[4] ECF No. 1-1 at 2. This second Notice was drafted by Defendant Todd and based on his field test of the substance found during the search of Plaintiff's cell. *Id.* The Notice recommended that Plaintiff be placed on administrative segregation pending a hearing, and Defendant Rowland approved this recommendation. *Id.*

On August 28, 2012, a disciplinary hearing for each Notice of Rule Violation was held, both conducted by the same hearing officer. *See* ECF No. 1-1 at 4–6 (hearing for Rule Violations 111 and 406 assigned Event ID number 2012-336986 and reportedly commenced at 1:40AM); ECF No. 1-1 at 12–13 (hearing for Rule Violation 114 assigned Event ID number 2012-337072 and reportedly commenced at 1:24AM). The hearing officer found Plaintiff not guilty of Rule Violation 114. *Id.* at 12–13. However, the hearing officer found Plaintiff guilty of Rule Violations 111 and 406, both of which prohibit *possession* of certain items, explaining that Plaintiff admitted physical possession of the contraband item by admitting that he was holding the item in his hand when the officers conducted the cell search. *Id.* at 5–6. Accordingly, Plaintiff

---

[2] Plaintiff's assertion that Defendant Kiviyatu issued the Notice of Rule Violation on July 31, 2012, ECF No. 1 at 4, is contradicted by Plaintiff's attached submissions, which explain that, although Kiviyatu was part of the search, Brooks actually issued the violation on August 1, 2012, *see* ECF No. 1-1 at 13.

[3] The record does not make clear what behavior warrants a Rule Violation 114. However, in *Terry v. Dep't of Public Safety & Corr. Servs.*, No. ELH-11-1686, 2012 WL 2564779, at *2 (D. Md.), the Court noted that a Rule Violation 114 was issued for "Possession of CDS—Distribute." In any event, the precise nature of a Rule Violation 114 is irrelevant to resolving the instant case.

[4] Although Plaintiff states that Defendant Todd charged him with Rule Violations 111 and 406 on August 28, 2012, ECF No. 1 at 4, this is belied by Plaintiff's attached submissions, which provide that Todd issued—and Plaintiff acknowledged receipt of—this Notice of Rule Violation on August 1, 2012, *see* ECF No. 1-1 at 1-2, 8.

was ordered to be placed in disciplinary segregation for 265 days, lost 265 days of good time credit, and had his visitation privileges suspended for 18 months. *Id.* at 6; ECF No. 29-2 at 2.

Plaintiff appealed the result of the disciplinary hearing to the Warden. *Id.* at 8–10. On September 24, 2012, the Warden ordered that the guilty finding on both violations be reduced to "Incident Report." ECF 1 at 4; ECF No. 1-1 at 11. Plaintiff's good time credit was restored, ECF No. 29-2 at 2, and it appears that the other disciplinary sanctions were dismissed or vacated as a result of the Warden's conversion of the guilty finding to an incident report. *See* ECF No. 1 at 4; ECF No. 1-1 at 11. However, Plaintiff claims that, even after the Warden's conversion of the guilty finding to an incident report, Plaintiff remained in segregation housing for an additional 28 days. ECF No. 1 at 4.

At some point between April 2014 and October 2014, Plaintiff filed a civil action against Defendant Todd in the District Court for Anne Arundel County. *See* ECF No. 1 at 2 (Plaintiff's initial Complaint reports an approximate filing date of April 2014); ECF No. 7 at 2 (Plaintiff's Supplemental Complaint reports a filing date of June 4, 2014); *Johnson v. Todd*, Case No. 07-02-0009038-2014 (Dist. Ct. Anne Arundel Cnty.), *available at* http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis (Maryland Judiciary Case Search reports filing date of October 9, 2014). On October 9, 2014, Todd moved to dismiss the state case, but this motion was denied. ECF No. 7 at 2. Plaintiff states that the state case was disposed of on December 10, 2014, *id.*, although the Maryland Judiciary Case Search does not report any such dismissal and designates the case status as "active," *Johnson v. Todd*, Case No. 07-02-0009038-2014.

On July 20, 2017, Plaintiff filed the instant action. He alleges that Defendants Kiviyatu and Todd wrongfully charged him with disciplinary violations, and that such charges violated his right to procedural due process. ECF No. 1 at 3–4. He asserts that Defendant Rowland is also

3

responsible because he "has the last say" over whether Plaintiff should be placed in segregation housing. *Id.* at 4. Plaintiff states that the officers' decision to charge him with disciplinary violations was "vindictive and discriminatory" and evinced evil motive. *Id.* However, the primary focus of the Complaint appears to be the fact that Plaintiff was placed in segregation housing for 82 days as a result of the charges and subsequently converted guilty finding. *Id.*

Before Defendants filed a responsive pleading, Plaintiff filed a Supplemental Complaint.[5] ECF No. 7 at 1, 3. Aside from the plain statement that Plaintiff is also pursuing claims for "False Imprisonment, Negligence, and Violation of the MD Constitution," the Supplemental Complaint appears aimed solely at preemptively arguing that Plaintiff's Complaint was timely filed under the statute of limitations, as it states:

> I am transfer [sic] my case from District Court to US District Court limitation is if the three year run out District Court in MD Court. I am transferring this claim this should be [illegible] First well as claim see document I sent to show limitation didnt run 12/10/2014[6] is the time of limitation not to transfer the case out.

*Id.* at 2 (errors in original).

The Court attempted to serve all three Defendants, but was unable to obtain service on Defendant Todd. Defendants Kiviyatu and Rowland filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 29. The Motion argued that Plaintiff's claim was barred by the statute of limitations and, alternatively, that he failed to sufficiently allege that his placement in administrative segregation implicated a constitutionally protected interest. *Id.* at 4–6. Plaintiff filed a Response which was captioned in the alternative as a Motion

---

[5] Plaintiff wrote "I am Amending my 42 U.S.C. § 1983 complaint" on the top of this filing. ECF No. 7 at 1. In ordinary parlance, an amended complaint supersedes the original complaint, but the content of Plaintiff's filing suggests that he intended it to add to, rather than replace, his original Complaint. *Id.* at 2 (instructing court, in statement of claim section, to "see document already filed under Case No. GJH-17-2050" (some capitalization altered)).
[6] December 10, 2014 is the date Plaintiff claims the state court adjudicated his case. ECF No. 7 at 2.

for Summary Judgment. ECF No. 31. He has also filed a separate Motion for Summary Judgment. ECF No. 34.

## II. STANDARD OF REVIEW

The Defendants' motion is styled as a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 29 at 1. If the Court considers materials outside the pleadings, as the Court does here, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*; *see also Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Furthermore, the Court may grant a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex,* 477 U.S. at 322-23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242

F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255. Johnson was provided notice of the State Defendants' filing of exhibits and affidavits to support the Motion for Summary Judgment and has not responded. ECF No. 30.

### III. DISCUSSION

#### A. Transfer from State Court

In his Supplemental Complaint, Plaintiff seeks to "transfer" the civil action that he initiated in state court in 2014 against Defendant Todd. ECF No. 7 at 2. According to Plaintiff, because he filed his Complaint within three years of December 10, 2014, the date he claims the state court action was dismissed, this action was timely filed under the relevant applicable three year statute of limitations.[7] Plaintiff's argument is legally meritless and factually incorrect.

The assertion in the Supplemental Complaint that Plaintiff's state case was disposed of on December 10, 2014, is inconsistent both with the Maryland Judiciary Case Search, which reports the case status as "active," *Johnson v. Todd*, Case No. 07-02-0009038-2014, and with his own statement in his original Complaint that the state action was "never moved on," ECF No. 1 at 2. Nonetheless, regardless of whether the state case is or is not closed, Plaintiff's transfer

---

[7] On July 20, 2017, Plaintiff filed his original Complaint in this action, failing to mention the statute of limitations. ECF No. 1. On August 24, 2017, the Court dismissed a different action brought by Plaintiff, *Johnson v. Gayflor*, GJH-16-944. That procedurally similar case was dismissed in part due to the statute of limitations. GJH-16-944, ECF No. 21 at 5–6. Presumably, Plaintiff filed the Amended Complaint in the instant case—raising the "transfer" argument— after realizing that the instant action was subject to dismissal on the same statute of limitations grounds as *Gayflor*.

6

argument is not persuasive. On the one hand, if Plaintiff's state court case was disposed of on December 10, 2014, Plaintiff's transfer argument fails because a case that is adjudicated in the state court cannot then be "transferred"—or, to use the proper legal term, "removed"—to a federal district court after the state case is already closed. The appropriate avenue for further review would be an appeal with the state appellate court.

On the other hand, if Plaintiff's state court case remains open, he cannot remove the case to federal court because the time for doing so has long since expired. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . ."). Moreover, removal is a tool available to state court defendants, not state court plaintiffs. *Id.* § 1446(a). This is because a plaintiff decides at the outset of litigation whether he or she wants to file in state or federal court. In other words, if Plaintiff wanted this Court to adjudicate his 2014 action, he had the ability to file the complaint with this Court instead of the state court.

In sum, to the extent Plaintiff seeks to "transfer" or remove his state court action to this Court, that request is denied.

### B. Statute of Limitations

Treated as a new civil action as opposed to a removal of a state court action, Plaintiff's Complaint is barred by the statute of limitations. There is no federal statute of limitations for actions under § 1983, and it is well-settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. Under Maryland law, the statute of limitations is strictly construed. *Hecht v. Resolution*

7

*Tr. Corp.*, 635 A.2d 394, 399 (Md. 1994) ("Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" (*quoting Booth Glass Co. v. Huntingfield Corp.*, 500 A.2d 641 (Md. 1985))).

Although state law provides the controlling limitations period, "[t]he time of accrual of a section 1983 action is governed by federal law, and the claim accrues when the affected party knew or should have known of the injury that is the basis of the action." *Halle Dev., Inc. v. Anne Arundel Cnty.*, 121 F. App'x. 504, 507 (4th Cir. 2005). Under federal law, a statute of limitations may be tolled for equitable reasons, but only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974).

In Plaintiff's case, the occurrence triggering the statute of limitations happened no later than August 28, 2012, the date the Plaintiff was found guilty of the disciplinary violations that he alleges were wrongfully and vindictively issued. ECF No. 1 at 4; ECF No. 31 at 2. By that date, Plaintiff "possesse[d] sufficient facts about the harm done to him that reasonable inquiry [could have] revealed his cause of action." *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995). Thus, under the statute of limitations, Plaintiff had until August 29, 2015 to file his Complaint with this Court, a deadline he missed by nearly two years. *See* ECF No. 1.

Likewise, Plaintiff has failed to demonstrate that he is entitled to equitable tolling of the limitations period. He has not identified a single factor that hindered him from filing this federal

action immediately, and his allusions to his state civil case against Defendant Todd are irrelevant to the accrual of the limitations period in this Court. *See* ECF No. 7 at 2. Indeed, as the Court noted in *Johnson v. Gayflor*, GJH-16-944, a case which similarly involved an untimely federal action filed after pursuing administrative and state court remedies, "Johnson's efforts to file complaints . . . in the state court further suggest that he was aware of his claims during this time." GJH-16-944, ECF No. 21 at 6. Accordingly, Defendants, who have invoked the statute of limitations as an affirmative defense, ECF No. 29-1 at 5–6, are entitled to judgment in their favor.[8]

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 34, is denied. Defendants' dispositive Motion, ECF No. 29, construed as a Motion for Summary Judgment, is granted. A separate order follows.

Dated: August 29, 2018

/s/
GEORGE J. HAZEL
United States District Judge

---

[8] To the extent that Plaintiff's fleeting reference to his desire to present state claims of "false imprisonment, negligence, and violation of the MD constitution," is sufficient to state a claim, ECF No. 7 at 2, the Court has dismissed the federal claim and declines to extend supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating that district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished.") Thus, to the extent they are in fact presented, Plaintiff's state law claims are dismissed without prejudice.